DUANE H. GILLMAN, ESQ.
Utah Bar No. 1194
MICHAEL F. THOMSON, ESQ.
Nevada Bar No. 7541
mthomson@djplaw.com
**DURHAM JONES & PINEGAR**
10785 West Twain Avenue, Suite 200
Las Vegas, Nevada 89135
Telephone: (702) 870-6060
Telephone: (801) 415-3000
Attorneys for Trustee

ECF FILED 7/21/10

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

ERIC A. GERSON,

Debtor.

) BANKRUPTCY CASE NO.
) BK-S-09-12905-LBR
) Chapter 7
)
) Hearing Date: August 25, 2010
) Hearing Time: 11:00 a.m.
) Estimated Length of Hearing: 5 Minutes

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE SALE AND LIQUIDATION OF LLC MEMBERSHIP INTERESTS and MEMORANDUM OF <u>POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>**

Timothy S. Cory, chapter 7 trustee of the estate of the above-named Debtor (the "Trustee"), by and through counsel, hereby moves the Court for an order authorizing the sale and liquidation of LLC membership interests included in the bankruptcy estate of the above-named Debtor, pursuant to 11 U.S.C. § 363(b). This Motion is supported by the following Points and Authorities and any evidence or argument presented at the hearing on this Motion.

//

//

//

1

SLC_635412.1

WHEREFORE, the Trustee respectfully requests that this Court enter an order authorizing the sale and liquidation of the Debtor's LLC membership interests pursuant to the terms and conditions set forth below.

DATED this 21st day of July, 2010.

Duane H. Gillman
Michael F. Thomson
Durham Jones & Pinegar
Attorneys for Trustee

## POINTS AND AUTHORITIES

### STATEMENT OF FACTS

1. The property being sold is the Debtor's membership interests in two limited liability companies: Redwood Radiology Properties, LLC ("Redwood") and Sotoyome Medical Building, LLC ("Sotoyome"). (The Debtor's membership interests in Redwood and Sotoyome are referenced herein together as the "Property").

2. The terms of the sales are outlined in the agreements attached hereto as **Exhibit 1** (Redwood Agreement) and **Exhibit 2** (Sotoyome Agreement). The sales price for the membership interests in Redwood is $144,206.00 together with interest thereon from January 1, 2010 through June 30, 2010 in the amount of $3,785.41. See **Exhibit 1**. The sales price for the membership interests in Sotoyome is $299,182 together with interest thereon from January 1, 2010 through June 30, 2010 in the amount of $7,853.53. See **Exhibit 2**.

3. The purchaser of the membership interests in Redwood is Redwood. See **Exhibit 1**. The purchaser of the membership interests in Sotoyome is Sotoyome. See **Exhibit 2**.

SLC_635412.1

4. The purchase prices will be paid to the Trustee within 10 days after the entry of a final order of this Court approving the respective sales. See **Exhibits 1 & 2**. The Property is being sold pursuant to the Operating Agreements of Redwood and Sotoyome, with one exception: while the Operating Agreements provide that the purchase prices are payable in semiannual installments (June 30th and December 31st), beginning June 30, 2010, for a period of between 3 and 6 years[1], Redwood and Sotoyome have agreed to pay the purchase prices within 10 days after the entry of a final order by this Court.

5. The Trustee believes the sales of the Property described above are in the best interests of creditors of this estate because the proposed sales prices are equal to the current value of the Debtor's interests in the Property. Said valuations are based on balance sheets and real property appraisals as of December 31, 2009. (Copies of the appraisal/valuation information can be obtained from Trustee's counsel upon request).

6. In addition, the methods of sale are in the best interests of creditors because, according to the Operating Agreements of Redwood and Sotoyome, the only mechanism for selling the membership interests is according to such terms. Specifically, pursuant to the Operating Agreements of Redwood and Sotoyome, a member of said entities may not transfer its membership interest to a third party unless that third party is a revocable trust (and the member retains a beneficial interest in the trust) or a business entity whose interests are at least 51% owned by the member. Thus, the only

---

[1] The general repayment period is three years, or six equal semiannual installments of principal and interest. However, where there are more than 6 membership interests being paid for by the Redwood or Sotoyome at any one time, the payments to all withdrawing members will be reduced on a pro rata basis and the repayment term will be extended accordingly, for a period of up to three years beyond the original three-year repayment period.

3

SLC_635412.1

mechanism for the Trustee to transfer or liquidate the Debtor's membership interests is by withdrawing the membership interests and selling the membership interests back to the LLC entities.

7.      Notably, pursuant to the request of the only creditor who has filed a proof of claim in this case, Michael A. Baron, M.D., Ltd., the Trustee attempted to facilitate the assignment of the Property to Dr. Baron. However, the LLC entities and Dr. Baron were unable to come to terms on such an assignment. Thus, the Trustee believes that selling the Property, pursuant to the terms set forth above, is in the best interests of creditors of this estate.

8.      The proceeds from the sale of the Property will be held by the Trustee pending further order of the Court.

## LAW AND ARGUMENT

11 U.S.C. § 363(b) allows the Trustee to sell the Property after notice and a hearing, because it is property of the Debtor's bankruptcy estate. The Trustee believes the sale of the Property to Redwood and Sotoyome, respectively, is in the best interests of creditors of this estate because the proposed sales prices ($144,206.00 for the Redwood membership interests and $299,182 for the Sotoyome membership interests) are equal to the current value of the Debtor's interests in the Property. Said valuations are based on balance sheets and real property appraisals as of December 31, 2009. (Copies of the appraisal/valuation information can be obtained from Trustee's counsel upon request).

In addition, the methods of sale are in the best interests of creditors because, according to the Operating Agreements of Redwood and Sotoyome, the only mechanism for selling the membership interests is according to such terms. Specifically, pursuant to the Operating Agreements of Redwood and Sotoyome, a member of said entities may not transfer its membership interest to a third party

4

SLC_635412.1

unless that third party is a revocable trust (and the member retains a beneficial interest in the trust) or a business entity whose interests are at least 51% owned by the member. Thus, the only mechanism for the Trustee to transfer or liquidate the Debtor's membership interests is by withdrawing the membership interests and selling the membership interests back to the LLC entities.

Finally, the payment terms are more favorable than what is generally required under the Operating Agreements: while the Operating Agreements provide that the purchase prices are payable in semiannual installments (June 30th and December 31st), beginning June 30, 2010, for a period of between 3 and 6 years, Redwood and Sotoyome have agreed to pay the purchase prices within 10 days after the entry of a final order by this Court. Thus, the Trustee believes that selling the Property, pursuant to the terms set forth in **Exhibits 1 & 2**, is in the best interests of creditors of this estate. Therefore, the Trustee requests that this Court approve the sale of the Property as described and under the terms set forth in the attached **Exhibits 1 & 2**.

## CONCLUSION

Based on the foregoing, the Trustee respectfully requests that this Court enter an order authorizing the sale and liquidation of the Property pursuant to the terms and conditions set forth above.

DATED this 21st day of July, 2010.

Duane H. Gillman
Michael F. Thomson
Durham Jones & Pinegar
Attorneys for Trustee

5

SLC_635412.1

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE SALE AND LIQUIDATION OF LLC MEMBERSHIP INTERESTS and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was served this 21 day of July, 2010, via regular U.S. mail, postage prepaid upon all parties appearing on the attached mailing matrix and upon the following:

Sotoyome Medical Building, LLC
c/o Robert S. Rutherfurd, Esq.
Anderson, Zeigler, Disharoon
Gallagher & Gray
50 Old Courthouse Square, 5th Floor
Santa Rosa, CA 95402

Redwood Radiology Properties, LLC
c/o Robert S. Rutherfurd, Esq.
Anderson, Zeigler, Disharoon
Gallagher & Gray
50 Old Courthouse Square, 5th Floor
Santa Rosa, CA 95402

/s/ Montoya
Durham Jones & Pinegar

6

SLC_635412.1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0978-2<br>Case 09-12905-lbr<br>District of Nevada<br>Las Vegas<br>Wed Jul 21 08:18:20 PDT 2010 | DURHAM JONES & PINEGAR<br>10785 WEST TWAIN AVENUE, SUITE 200<br>LAS VEGAS, NV 89135-3028 | United States Bankruptcy Court<br>300 Las Vegas Blvd., South<br>Las Vegas, NV 89101-5833 |
| Anthem Country Club<br>One Club Side Drive<br>Henderson NV 89052-6663 | Clark County Assessor<br>c/o Bankruptcy Clerk<br>500 South Grand Central Pkwy<br>Post Office Box 551401<br>Las Vegas NV 89155-1401 | Clark County Treasurer<br>c/o Bankruptcy Clerk<br>500 South Grand Central Pkwy<br>Post Office Box 551220<br>Las Vegas NV 89155-1220 |
| Dept Employment Training Rehabilitation<br>Employment Security Division<br>500 East Third Street<br>Carson City NV 89713-0002 | Dept of Motor Vehicles<br>and Public Safety<br>Records Section<br>555 Wright Way<br>Carson City NV 89711-0001 | Eric A. Gerson MD Ltd.<br>10 Old Marsh Ct<br>Henderson NV 89052-6660 |
| Gerson, Eric<br>10 Old Marsh Court<br>Henderson NV 89052-6660 | Heather Gerson<br>10 Old Marsh Court<br>Henderson NV 89052-6660 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 |
| J. Randall Jones, Esq.<br>Harrison Kemp Jones & Coulthar<br>3800 Howard Hughes Pkwy 17th F<br>Las Vegas NV 89169-0925 | James D. Greene, Esq.<br>Rice Silbey Reuther & Sullivan<br>3960 Howard Hughes Pkwy. #700<br>Las Vegas NV 89169-5983 | Lenard E. Schwartzer, Esq.<br>2850 South Jones Blvd.<br>Suite 1<br>Las Vegas NV 89146-5640 |
| MICHAEL BARON, M.D.<br>C/O JAMES D. GREENE, ESQ.<br>3960 HOWARD HUGHES PKWY, SUITE 700<br>LAS VEGAS, NV 89169-5983 | Michael A. Baron, M.D., Ltd.<br>c/o James D. Greene, Esq.<br>Rice Silbey Reuther & Sullivan, LLP<br>3960 Howard Hughes Pkwy., Ste. 700<br>Las Vegas, NV 89169-5983 | Michael A. Baron, MD, Ltd.<br>3560 E. Flamingo Rd.<br>Las Vegas NV 89121-0201 |
| NV Dept of Taxation<br>Bankruptcy Division<br>555 East Washington<br>Suite 1300<br>Las Vegas NV 89101-1046 | North Vista Hospital<br>1409 E. Lake Mead Blvd.<br>North Las Vegas NV 89030-7120 | Secretary of State<br>State of Nevada<br>202 North Carson Street<br>Carson City NV 89701-4201 |
| U.S. TRUSTEE - LV - 7<br>300 LAS VEGAS BOULEVARD, SO.<br>SUITE 4300<br>LAS VEGAS, NV 89101-5803 | U.S. Trustee<br>Foley Federal Building<br>300 Las Vegas Blvd. South<br>Suite 4300<br>Las Vegas NV 89101-5803 | Washington Mutual<br>PO Box 78148<br>Phoenix AZ 85062-8148 |
| ERIC A GERSON<br>10 OLD MARSH COURT<br>HENDERSON, NV 89052-6660 | LENARD E. SCHWARTZER<br>SCHWARTZER & MCPHERSON LAW FIRM<br>2850 S. JONES BOULEVARD, SUITE 1<br>LAS VEGAS, NV 89146-5640 | TIMOTHY S CORY<br>8831 WEST SAHARA AVE.<br>LAS VEGAS, NV 89117-5865 |

# EXHIBIT 1

# REDWOOD RADIOLOGY PROPERTIES, LLC
## AGREEMENT FOR SALE AND LIQUIDATION
## OF MEMBERSHIP INTEREST

This Agreement for the sale and liquidation of Membership Interest is entered _____, 2010, by and between Redwood Radiology Properties, LLC, a California limited liability company (the "Company") and Timothy S. Cory, Trustee of the Eric A. Gerson Chapter 7 bankruptcy estate ("Seller").

## RECITALS

A. As of March 4, 2009, Eric A. Gerson, M.D. ("Dr. Gerson") was a Member of the Company.

B. On March 4, 2009, Dr. Gerson filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

C. Seller is the duly appointed Trustee of Dr. Gerson's Chapter 7 bankruptcy estate.

D. Pursuant to notice dated September 29, 2009, Seller elected to liquidate Dr. Gerson's interest in the Company pursuant to Section 7.4 of the Company's Operating Agreement dated January 1, 2005 (the "Operating Agreement").

E. Capitalized terms not defined in this Agreement have the meaning given them in the Operating Agreement.

THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1. Seller hereby sells, transfers, conveys and surrenders Seller's Membership Interest to the Company, and the Company hereby purchases and liquidates Dr. Gerson's Membership Interest. This transaction is effective January 1, 2010, and Dr. Gerson's Membership Interest in the Company is terminated as of that date. As of January 1, 2010, neither Dr. Gerson nor Seller will have any further interest in the capital, profits or losses of the Company.

2. This transaction is contingent on approval of this Agreement by the Bankruptcy Court.

3. Within ten (10) days after the entry of a final order by the Bankruptcy Court approving this Agreement, the Company will pay Seller $144,206 together with 5.25% interest thereon from January 1, 2010 through June 30, 2010 totaling $3,785.41, for and in complete liquidation of Dr. Gerson's Membership Interest.

    4.    The sale described in this Agreement is being made by Seller as is, where is, with no representations or warranties of any kind

    5.    Buyer and Seller agree that, if a dispute arises over the payment described in Paragraph 3 herein and litigation commences over such dispute, the prevailing party shall be entitled to recover their reasonable attorney fees and costs incurred in the action.

**SELLER:**

_____
Timothy Cory, Trustee
of the Eric A. Gerson
Chapter 7 bankruptcy estate

**THE COMPANY:**

**REDWOOD RADIOLOGY PROPERTIES, LLC, a California limited liability company**

By_____
    Harry Phillips, Manager

2

# EXHIBIT 2

# SOTOYOME MEDICAL BUILDING, LLC
# AGREEMENT FOR SALE AND LIQUIDATION
# OF MEMBERSHIP INTEREST

This Agreement for the sale and liquidation of Membership Interest is entered _____, 2010, by and between Sotoyome Medical Building, LLC, a California limited liability company (the "Company") and Timothy S. Cory, Trustee of the Eric A. Gerson Chapter 7 bankruptcy estate ("Seller").

## RECITALS

A.  As of March 4, 2009, Eric A. Gerson, M.D. ("Dr. Gerson") was a Member of the Company.

B.  On March 4, 2009, Dr. Gerson filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

C.  Seller is the duly appointed Trustee of Dr. Gerson's Chapter 7 bankruptcy estate.

D.  Pursuant to notice dated September 29, 2009, Seller elected to liquidate Dr. Gerson's interest in the Company pursuant to Section 7.4 of the Company's Operating Agreement dated January 1, 2005 (the "Operating Agreement").

E.  Capitalized terms not defined in this Agreement have the meaning given them in the Operating Agreement.

THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.  Seller hereby sells, transfers, conveys and surrenders Seller's Membership Interest to the Company, and the Company hereby purchases and liquidates Dr. Gerson's Membership Interest.  This transaction is effective January 1, 2010, and Dr. Gerson's Membership Interest in the Company is terminated as of that date. As of January 1, 2010, neither Dr. Gerson nor Seller will have any further interest in the capital, profits or losses of the Company.

2.  This transaction is contingent on approval of this Agreement by the Bankruptcy Court.

3.  Within ten (10) days after the entry of a final order by the Bankruptcy Court approving this Agreement, the Company will pay Seller $299,182 together with 5.25% interest thereon from January 1, 2010 through June 30, 2010 totaling $7,853.53, for and in complete liquidation of Dr. Gerson's Membership Interest.

      4.      The sale described in this Agreement is being made by Seller as is, where is, with no representations or warranties of any kind

      5.      Buyer and Seller agree that, if a dispute arises over the payment described in Paragraph 3 herein and litigation commences over such dispute, the prevailing party shall be entitled to recover their reasonable attorney fees and costs incurred in the action.

| SELLER: | THE COMPANY: |
|---|---|
| | **SOTOYOME MEDICAL BUILDING, LLC, a California limited liability company** |
| _____ Timothy Cory, Trustee of the Eric A. Gerson Chapter 7 bankruptcy estate | By_____ Harry Phillips, Manager |

2